David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*HEATHER M. STANGEL*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER M. STANGEL, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| CASH 1, LLC, | **COMPLAINT** |
| Defendant. | |

Plaintiff, HEATHER M. STANGEL ("Plaintiff"), by and through her counsel, hereby complains, alleges and states against Defendant CASH 1, LLC("Defendant" or "Cash 1") as follows:

### JURISDICTION AND VENUE

1.     This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* by negligently,

knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent.

2.      This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq.* ("NRS 604A") by engaging in illegal, unprofessional and unfair collection tactics and harassing Plaintiffs in its efforts to collect a high-interest loan, title loan, or deferred deposit loan described in NRS 604A.415 (replaced by revision in NRS 604A.5014, 604A.5041 and 604A.5068) (hereinafter "NRS 604A.415").

3.      When collecting a loan of this type, the provisions of NRS 604A.415, require a licensee to act in accordance with sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act ("FDCPA"), as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, "even if the licensee is not otherwise subject to the provisions of the [FDCPA]." NRS 604A.415. As such, a violation of the FDCPA a though j is also a violation of NRS 604A.

4.      This Court has federal question jurisdiction because this case arises out of Defendant's violations of the TCPA, 47 U.S.C. § 227, *et seq.*; 28 U.S.C. §1331; *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012). Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.1 over Plaintiff's NRS 604A.415 claims.

5.      Venue is proper in the United States District Court for the District of

Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and Defendant is subject to personal jurisdiction in Clark County, Nevada as it regularly conducts business there.  Venue is also proper because the conduct giving rise to this action occurred in Nevada.  28 U.S.C. § 1391(b)(2).  Further, Defendant has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a Nevada limited liability company doing business in Nevada.

## PARTIES

6.    Plaintiff is a natural person residing in Clark County, Nevada.

7.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.    Plaintiff's allegations in this Complaint are based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

9.    Defendant is a Delaware limited liability company doing business in Clark County, Nevada and is engaged in the business of providing title loan services, high-interest loan services or deferred deposit loan services for a fee, service charge or other consideration.

10.    Defendant has been issued one or more licenses to operate a title loan

service, deferred deposit loan service or high-interest loan service and is a "licensee" as that term is defined in NRS 604A.075.

11.    Defendant is a "person," as defined by 47 U.S.C. § 153 (39)

12.    Defendant, at all relevant times metioned herein, acted by and through one or more of its employees, officers, agents, representatives, affiliates or subsidiaries.

**NRS 604A ALLEGATIONS**

13.    Defendant made a  loan to Plaintiff ("Loan" or "Debt").  The Loan was evidenced by a written agreement. ("Loan Agreement").

14.    The Loan is a "high-interest" Loan as defined by NRS 604A.0703. Pursuant to the terms of the Loan Agreement, the annual percentage rate (APR) on the Loans was over 40% and is deemed a "high-interest" loan.

15.     Plaintiff suffered financial difficulties and was unable to continue paying on the Loan.

16.    As a result of Plaintiff's financial difficulties, Plaintiff consulted with a bankruptcy attorney to discuss responsible debt relief options.

17.    On June 15, 2018, Plaintiff retained a law firm (the "Law Firm") to file a Chapter 13 bankruptcy, which would allow Plaintiff to repay creditors like

Minute Loans, through a structured repayment plan pursuant to Federal Bankruptcy law.

18.     Defendant was sending multiple calls and/or text messages to Plaintiff in an effort to collect the Debt.  On July 27, 2018 Plaintiff called or answered one of Defendant's calls and spoke to someone by the name "Jennifer," one of Defendant's employees or agents ("July 2018 Call"). In the July 2018 Call, Plaintiff informed Defendant that she had retained counsel and provided Defendant with her counsel's contact information, including phone number and email, and directed that all further communication regarding the Debt be directed to her counsel.

19.     Additionally, in the July 2018 Call, Plaintiff demanded that Defendant "stop calling" her and cease all further communications with her regarding collection of the Debt.

20.     Despite Plaintiff's demands, Defendant knowingly and willfully ignored her lawful requests and continued to call and/or send text messages to Plaintiff after the July 2018 Call.

21.     Because of the continued harassment from Defendant, on August 1, 2018, Plaintiff answered one of Defendant's collection calls placed to Plaintiff's cell phone and spoke with another of Defendant's agents ("August 2018 Call").

22.     Plaintiff again instructed Defendant that she had retained counsel and

again provided Defendant with the Law Firm's contact information, including phone number and email, and directed that all further communication regarding the Debt be directed to the Firm.

23.    Additionally, during the August 2018 Call, Plaintiff again demanded that Defendant stop calling and texting her cell phone and cease all further communications with her regarding collection of the Debt.

24.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful, unprofessional and unfair collection tactics and conduct in violation of NRS 604A.415 and the incorporated provisions of the FDCPA

25.    Further, Plaintiff alleges that Defendant's actions at all times herein were intentional and willful

26.    As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection efforts.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

27.    Plaintiff is also filing bankruptcy (in part) as a result of Defendant's illegal conduct to stop harassing calls in the future.

## TCPA ALLEGATION

28.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

29.     The TCPA regulates, among other things, the use of automated telephone dialing systems.  47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B)    to dial such numbers.

30.     The TCPA prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.  47 U.S.C. § 227(1)(A)(iii). Additionally, the burden is on the caller to prove it obtained the necessary prior express consent.

31.     Such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

32.     Consumers have a right to revoke consent, using any reasonable means or method, including orally or in writing.

33.     Nothing in the language of the TCPA or its legislative history indicates that Congress intended to override a consumer's common law right to revoke consent.

34.     A caller may not limit the manner in which revocation of prior express consent to call may occur.

35.     Further, consumers (like Plaintiff) may revoke consent through any reasonable means.

36.     Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times.

37.     Within the four years prior to filing the instant complaint, Plaintiff received numerous calls and text messages from Defendant.

38.     Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).  There were pauses before each call connected.

39.     Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

40.     The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

41.     Defendant did not have  consent to place any text message calls to Plaintiff on Plaintiff's cellular telephone at any time after July 27, 2018 when

Plaintiff advised Defendant to cease communications, if Defendant ever had consent to begin with.

42.     Despite having no consent or having its consent revoked on July 27, 2018, Defendant or its agents contacted Plaintiff on Plaintiff's cellular telephone number ending in "5870" with an ATDS in violation of the TCPA.

43.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

44.     Plaintiff suffered actual harm and loss, since the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted phone calls to Plaintiff's cell phone.

45.     Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

46.     Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

47.     Plaintiff was also personally affected, since Plaintiff felt that Plaintiff's

privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

48.     The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.415)

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

51.     Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted Plaintiff after it knew Plaintiff was represented by an attorney.

52.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

53.     Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged Plaintiff in repeated conversations in connection with the collection of a debt.

54.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant

engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

55.     Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant's communications with Plaintiff failed to include a "mini-Miranda" warning, "This is an attempt to collect a debt" and/or that the "communication is from a debt collector".

56.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

57.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

58.     Plaintiff is entitled to damages as a result of Defendant's violations.

59.     Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

**Negligent Violations of the**
**Telephone Consumer Protection Act,**
**(47 U.S.C. § 227, *et seq*.)**

60.     Plaintiff repeats and realleges the above paragraphs of this Complaint

and incorporates them herein by reference.

61.    Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

62.    Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

63.    As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

64.    Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

65.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

66.    Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

67.    Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

68.    As a result of Defendant's knowing and/or willful violations of the

TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

69.     Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

1. for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2. for statutory damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

6. "void" the Debt, bar Defendant from collecting thereon, and compel Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

10. any other legal or equitable relief that the court deems appropriate.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 14, 2018

Respectfully submitted,

By  /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*HEATHER M. STANGEL*